# United States Bankruptcy Court
## Eastern District of Virginia

In re  **Tammy L Henry**                                                                                             Case No.  **11-14274**
                                                Debtor(s)                                                            Chapter    **7**

## AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:

☐ Involuntary/Voluntary Petition *[Specify reason for amendment: ____]*
Check if applicable: ☐ Soc. Sec. No. amended. **[*If applicable*: An original, signed Official Form 21 was marked/hand-delivered to the Clerk's office on ____.*]**
☒ Summary of Schedules (Includes Statistical Summary of Certain Liabilities and Related Data)
☐ Schedule A - Real Property
☐ Schedule B - Personal Property
☐ Schedule C - Property Claimed as Exempt
☒ **Schedule D, E, or F, and/or list of Creditors or Equity Holders** - REQUIRES COMPLIANCE WITH LOCAL RULE 1009-1 *($26.00 fee required if adding or deleting pre-petition creditors, changing amounts owed or classification of debt.)* **Check applicable statement(s):**
　　☐ **Creditor(s) added**　　☐ **Creditor(s) deleted**
　　☐ **Change in amounts owed or classification of debt**
　　☒ **No pre-petition creditors added/deleted, or amounts owed or classification of debt changed.** [Docket: **Amended Schedule(s) and/or Statement(s), List(s)-NO FEE**
　　☐ **Post-petition creditors added (Schedule of Unpaid Debts)**
　　**REMINDER: Conversion of Chapter 13 to Chapter 7 - only file Schedule of Unpaid Debts.**
☐ Schedule G- Executory Contracts and Unexpired Leases
☐ Schedule H - Codebtors
☐ Schedule I - Current Income of Individual Debtor(s)
☐ Schedule J - Current Expenditures of Individual Debtor(s)

**[NOTE: The form "NOTICE TO CREDITOR(S) (RE AMENDMENT)" is still required when adding or deleting creditors.
*Amendment of debtor(s) Social Security Number requires that a hard copy of this cover sheet together with a completed Official Form 21 - Statement of Social Security Number(s) be submitted to the Clerk's Office for entry of the amended Social Security Number into the Court's database. ]**

☒ Statement of Financial Affairs
☐ Chapter 7 Individual Debtor's Statement of Intention
☐ Chapter 11 List of Equity Security Holders
☐ Chapter 11 List of Creditors Holding 20 Largest Unsecured Claims
☐ Disclosure of Compensation of Attorney for Debtor
☐ Other: ____

## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a) and Local Rule 1009-1, I certify that notice of the filing of the amendment(s) checked above has been given this date to the United States Trustee, the trustee in this case, and to any and all entities affected by the amendment as follows: ____.

Date:  **July 13, 2011**

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Scott Alan Weible, Esq.**
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor(s) [or *Pro Se* Debtor(s)]
　　　　　　　　　　　　　　　　　　　　　　　　State Bar No.:  **75633**
　　　　　　　　　　　　　　　　　　　　　　　　Mailing Address:  **Scott Alan Weible, P.L.L.C.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**The Haymarket Professional Building**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**14540 John Marshall Highway, Suite 201**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Gainesville, VA 20155-1693**
　　　　　　　　　　　　　　　　　　　　　　　　Telephone No.:  **703-754-2092**

I, **Tammy L Henry** certify under penalty of perjury that the amended forms herein are accurate and true to the best of my knowledge and belief.
Date:  **July 13, 2011**　　　　　**/s/ Tammy L Henry**

[amendcs ver. 10/2007]

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Eastern District of Virginia

In re: **Tammy L Henry**, Debtor

Case No. **11-14274**

Chapter **7**

## SUMMARY OF SCHEDULES - AMENDED

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 784,500.00 | | |
| B - Personal Property | Yes | 4 | 529,280.06 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 419,301.86 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 124,262.27 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | 568,702.12 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 3 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 9,727.18 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 13,487.45 |
| Total Number of Sheets of ALL Schedules | | 24 | | | |
| Total Assets | | | 1,313,780.06 | | |
| Total Liabilities | | | | 1,112,266.25 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Eastern District of Virginia

In re      **Tammy L Henry**                                                    ,         Case No.  **11-14274**
                                          Debtor

                                                                                          Chapter          **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**
**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6F (Official Form 6F) (12/07)

In re **Tammy L Henry**, Case No. **11-14274**
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **8311-J** <br><br> **Ace Hardware Corporation** <br> **2200 Kensington Court** <br> **Oak Brook, IL 60523-2100** | - | | 2011 <br> **Approximate amount owed on inventory for Matt's Ace Hardware, Inc., 509 Meadowbrook Center, Culpeper, Virginia.** | X | X | X | **95,000.00** |
| Account No. **Unknown** <br><br> **Aide's Discount Store** <br> **316 Seneca Trail** <br> **Ronceverte, WV 24970** | X | W | 2011 <br> **Rent for Lease of Business Premises** | X | X | X | **47,876.35** |
| Account No. **x7451** <br><br> **American Rod and Gun** <br> **PO Box 2820** <br> **Springfield, MO 65801** | X | W | 01/01/2000 <br> **Misc. Business expenses.** | X | X | X | **300.00** |
| Account No. **xxxxxxxxx2001** <br><br> **Avaya Financial Services** <br> **PO Box 93000** <br> **Chicago, IL 60673-3000** | X | W | 08/01/1997 <br> **Misc. Business expenses.** | X | X | X | **120.00** |

___**6**___ continuation sheets attached

Subtotal (Total of this page) **143,296.35**

B6F (Official Form 6F) (12/07) - Cont.

In re **Tammy L Henry**, Case No. **11-14274**
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxx3083<br><br>Avaya, Inc<br>PO Box 5125<br>Carol Streem, IL 60197-5125 | X | W | 06/01/1997<br>Misc. Business expenses. | X | X | X | 194.64 |
| Account No. xxxxxxxxxxxx0055<br><br>Bank Of America<br>PO Box 17054<br>Wilmington, DE 19850 | X | J | 12/01/95<br>Misc. household/personal expenses. | | | | 6,704.00 |
| Account No. xxxxxxxxxxxx4714<br><br>Capital One, N.A.<br>Capital One Bank (USA) N.A.<br>PO Box 30285<br>Salt Lake City, UT 84130 | | W | 12/01/02<br>Misc. household/personal expenses. | | | | 5,437.00 |
| Account No. xxxxxxxxxxxx0047<br><br>Capital One, N.A.<br>Capital One Bank (USA) N.A.<br>PO Box 30285<br>Salt Lake City, UT 84130 | X | - | 7/01/08<br>Misc. Business expenses. Debtor co-signed for business. | | | | 286.00 |
| Account No. xxxxxxxxxxxx9526<br><br>Chase<br>PO Box 15298<br>Wilmington, DE 19850 | | W | 2/01/92<br>Misc. household/personal expenses. | | | | 10,073.00 |

Sheet no. **1** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **22,694.64**

**B6F (Official Form 6F) (12/07) - Cont.**

In re **Tammy L Henry**,           Case No. **11-14274**

Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxxx9842** <br><br>**Chase** <br>**PO Box 15298** <br>**Wilmington, DE 19850** | | W | 12/01/04 <br> Misc. household/personal expenses. | | | | 5,506.00 |
| Account No. **x0290** <br><br>**Cintas Corporation** <br>**PO Box 630803** <br>**Attention AR Department** <br>**Cincinnati, OH 45263-0803** | X | W | 01/01/1998 <br> Misc. Business expenses. | X | X | X | 75.05 |
| Account No. **x0899** <br><br>**Culpeper Star Exponent** <br>**PO Box 26087** <br>**Richmond, VA 23260-6087** | X | W | 01/01/1997 <br> Misc. Business expenses. | X | X | X | 5,000.00 |
| Account No. **Unknown** <br><br>**Ebenezer Heights Greenhouse** <br>**1901 Broad Street** <br>**Culpeper, VA 22701** | X | W | 01/01/1998 <br> Misc. Business expenses. | X | X | X | 750.00 |
| Account No. **Unknown** <br><br>**Gulick, Carson, Thorpe, PC** <br>**70 Main Street** <br>**Suite 52** <br>**Warrenton, VA 20186** | | W | 07/01/2008 <br> Legal services for Divorce | | | | 17,712.18 |

Sheet no. **2** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     **29,043.23**

B6F (Official Form 6F) (12/07) - Cont.

In re **Tammy L Henry**, Case No. **11-14274**
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx5001** <br><br> I C System Inc <br> PO Box 64378 <br> Saint Paul, MN 55164 | | W | 12/01/10 <br> Collection account for Gastroenterology Center Of Va | | | | 434.00 |
| Account No. **xxxxxxx1002** <br><br> I C System Inc <br> PO Box 64378 <br> Saint Paul, MN 55164 | | W | 12/01/10 <br> Collection account for The Gastroenterology Group | | | | 216.00 |
| Account No. **x2920** <br><br> Larson Manufacturing Company <br> PO Box 5025 <br> Brookings, SD 57006 | X | W | 01/01/2004 <br> Misc. Business expenses. | X | X | X | 400.00 |
| Account No. **Unknown** <br><br> Leland Lures <br> 262 Fairview Road <br> Searcy, AZ 72143 | X | W | 01/01/2005 <br> Misc. Business expenses. | X | X | X | 100.00 |
| Account No. **Unknown** <br><br> Michael F. Thomson <br> 6328 Georgetown Road <br> Broad Run, VA 20137 | X | W | 12/01/2008 <br> Misc. Business expenses. | | | | 53,374.31 |

Sheet no. **3** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **54,524.31**

B6F (Official Form 6F) (12/07) - Cont.

In re **Tammy L Henry**, Case No. **11-14274**
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xx-xxx2500** <br><br>**National Cooperative Bank** <br>**2011 Crystal Drive** <br>**Suite 800** <br>**Arlington, VA 22202** | X | W | 01/01/2004 <br>**Misc. Business expenses.** | X | X | X | 140,816.24 |
| Account No. **x7712** <br><br>**Pepsi-Cola Bottling Company** <br>**PO Box 9035** <br>**Charlottesville, VA 22906-9035** | X | W | 01/01/1998 <br>**Misc. Business expenses.** | X | X | X | 100.00 |
| Account No. **xxxxxxxx1666** <br><br>**Republic Services Allied Waste** <br>**1321 Belman Road** <br>**Fredericksburg, VA 22401** | X | W | 06/01/1997 <br>**Misc. Business expenses.** | X | X | X | 800.00 |
| Account No. **0026** <br><br>**SunTrust Bank** <br>**PO Box 79079** <br>**Baltimore, MD 21279** | X | W | 01/01/1999 <br>**Misc. Business expenses.** | X | X | X | 48,649.81 |
| Account No. **Unknown** <br><br>**The Lewis Law Firm** <br>**10306 Eaton Place** <br>**Suite 200** <br>**Fairfax, VA 12345** | | W | 11/01/2006 <br>**Attorney Charging Lien** | | | X | 58,459.93 |

Sheet no. **4** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) 248,825.98

**B6F (Official Form 6F) (12/07) - Cont.**

In re **Tammy L Henry**,     Case No. **11-14274**
           Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx-xx3598**<br><br>**The Town of Culpeper**<br>**400 South Main Street**<br>**Suite 109**<br>**Culpeper, VA 22701** | X | - | **04/13/11**<br>**Misc. Business expenses.** | X | X | X | 614.15 |
| Account No. **CA**<br><br>**Valley Sharp Shop**<br>**1966 Goose Creek Road**<br>**Waynesboro, VA 22980** | X | W | **01/01/2005**<br>**Misc. Business expenses.** | X | X | X | 350.00 |
| Account No. **xxxxxx6363**<br><br>**Verizon**<br>**Bankruptcy Dept**<br>**PO Box 3037**<br>**Bloomington, IL 61702-3037** | X | W | **07/01/1997**<br>**Misc. Business expenses.** | X | X | X | 500.00 |
| Account No. **xxxxxxxxxxx4303**<br><br>**Wells Fargo Business Line**<br>**Business Direct Operations**<br>**PO Box 348750**<br>**Sacramento, CA 95834** | X | W | **01/01/2002**<br>**Misc. Business expenses.** | X | X | X | 67,042.68 |
| Account No. **xxxxx9979**<br><br>**Xerox Coporation**<br>**4836 Brecksville Road**<br>**PO Box 482**<br>**Richfield, OH 44286** |  | W | **01/01/2000**<br>**Misc. Business expenses.** | X | X | X | 1,564.30 |

Sheet no. **5** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    **70,071.13**

B6F (Official Form 6F) (12/07) - Cont.

In re **Tammy L Henry**, Case No. **11-14274**
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **x4435** <br><br> **Young, Nicholas, Branner & Phi** <br> **301 South West Street** <br> **PO Box 1029** <br> **Culpeper, VA 22701** | | - | 11/29/2010 <br> Misc. household/personal expenses. | | | | 246.48 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. **6** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **246.48**

Total (Report on Summary of Schedules) **568,702.12**

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
### Eastern District of Virginia

In re  **Tammy L Henry**                                                                 Case No.  **11-14274**
Debtor(s)                                                              Chapter  **7**

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | 2011: Wife YTD Matt's Ace Hardware Inc. |
| $1,897.19 | 2010: Wife Matt's Ace Hardware Inc. |
| $27,835.37 | 2009: Wife Matt's Ace Hardware Inc. |

---

**2. Income other than from employment or operation of business**

None ■   State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                              SOURCE

#### 3. Payments to creditors

None ■  *Complete a. or b., as appropriate, and c.*

    a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐    b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Wells Fargo Business Line**<br>**Business Direct Operations**<br>**PO Box 348750**<br>**Sacramento, CA 95834** | 02/28/2011, 03/31/2011, 04/30/2011 | $1,329.00 | $67,042.68 |
| **National Cooperative Bank**<br>**2011 Crystal Drive**<br>**Suite 800**<br>**Arlington, VA 22202** | 03/01/2011, 04/01/2011, 05/01/2011 | $12,244.88 | $140,816.24 |
| **ACE Hardware Corporation**<br>**1234 Kensington Court**<br>**Oakbrook, IL 12345** | **Biweekly Statements** | $42,000.00 | $95,000.00 |
| **Verizon Virginia, Inc.**<br>**500 Technology Drive**<br>**Saint Charles, MO 63304** | 03/18/2011, 04/18/2011 | $1,350.00 | $500.00 |

None ■    c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

#### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Tammy Harlow Thomson v. Michael Francis Thomson**<br>**CL08000072-02** | **Settlement** | **Fauquier Circuit Court**<br>**29 Ashby Street**<br>**Warrenton, VA 20186-3202** | **Pending** |

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Michael F. Thomson v. Tammy Harlow<br>CL11000254-00 | Complaint-Catch All | Fauquier County Circuit Court<br>Civil Division<br>29 Ashby Street<br>Warrenton, VA 20186-3202 | Pending Trial on October 3, 2011 |

None ☐    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Internal Revenue Service**<br>**Insolvency Section**<br>**PO Box 7346**<br>**Philadelphia, PA 19101-7346** | **01/15/2011** | **Seized:**<br>**Monies from checking accounts**<br>**Value: $2,200.00** |
| **Virginia Dept. of Taxation**<br>**Office of Compliance**<br>**PO Box 27407**<br>**Richmond, VA 23261** | **04/29/2011** | **Seized**<br>**Monies from checking account**<br>**Value: $10,000.00** |

### 5. Repossessions, foreclosures and returns

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

4

### 7. Gifts

None ☐ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| McLean Bible Church<br>8925 Leesburg Pike<br>Vienna, VA 22182 | | Various through out the year | July 19, 2010 and December 29, 2010<br>$720.00 and $265.30 |

### 8. Losses

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Scott Alan Weible, P.L.L.C.<br>14540 John Marshall Highway<br>Suite 201<br>Gainesville, VA 20155-1693 | Pre-Petition<br>(1) June 2, 2011<br>(2) June 2, 2011<br>(3) June 3, 2011 | Pre-Petition<br>(1) $750.00 costs<br>(2) $550.00 fees<br>(3) $1,300.00 fees |

### 10. Other transfers

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

5

### 11. Closed financial accounts

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ☐ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| **Aides Discount Stores, Inc.**<br>**316 Seneca Trail**<br>**Ronceverte, WV 24970-1320** | **04/01/2011  Forklift exchange for 2 months rent - $6,470.37** | **12,940.74** |

### 14. Property held for another person

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None ☐ If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **11723 Fairfax Woods Way #7307**<br>**Fairfax VA 22030-0000** | **Tammy Laynette Harlow** | **08/2008, 08/2009** |
| **6328 Georgetown Road**<br>**Broad Run VA 20137-0000** | **Tammy Harlow Thomson** | **04/1994, 08/2008** |

6

### 16. Spouses and Former Spouses

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Michael Francis Thomson**
**03/17/1984, 03/19/2009**

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

7

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Matt's Ace Hardware Inc. | xxx-xx-9688 | 509 Meadowbrook Center Culpeper, VA 22701 | Hardware store | June 1997 to May 2011 |

**None** ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

**None** ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Tammy Henry 13550 Heathcote Blvd. #436 Gainesville, VA 20155 | June 1997 to Current |
| Young, Nicholas, Branner & Phillips, LLP 301 South West Street P.O. Box 1029 Culpeper, VA 22701 | June 1997 to Current |

**None** ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

**None** ■ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

**None** ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

**20. Inventories**

**None** ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

8

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ☐ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| Tammy Henry<br>13550 Heathcote Blvd. #436<br>Gainesville, VA 20155 | Owner and Officer | 100% |

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None ☐ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| Michael F. Thomson | 6328 Georgetown Road<br>Broad Run, VA 20137 | November 11, 2008 |

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25. Pension Funds.

None ■ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

9

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **July 13, 2011**    Signature    **/s/ Tammy L Henry**
  **Tammy L Henry**
  Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### Eastern District of Virginia

In re  **Tammy L Henry**  
Debtor(s)

Case No. **11-14274**  
Chapter **7**

## AMENDED
## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I certify under penalty of perjury that the foregoing is true and correct.

Date **July 13, 2011**     Signature  **/s/ Tammy L Henry**  
**Tammy L Henry**  
Debtor

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571